JjWICKER, Judge.
The defendant, Thaddeus Tyler (Tyler), was charged by bill of information along with the co-defendant, Sirmitria Payne (Payne), for Distribution of Cocaine in violation of La.R.S. 40:967 A. After Tyler was found guilty as charged by a jury, he was sentenced as a third time felony offender. The trial judge sentenced Tyler to 40 years at hard labor without benefit of probation, parole, or suspension of sentence. Tyler was given credit for time served. He now appeals. We affirm.
The testimony at trial set forth the following. Agent Joey Mayeaux (Mayeaux), an undercover agent, testified his assignment on the date of the incident was to purchase narcotics from street level dealers. While driving around he saw the co-defendant, a woman he knew as “Jellyroll.” Mayeaux stated he had used Payne before on a previous purchase involving Tyler. On this occasion, Payne had been walking the street when Mayeaux called her over.
Mayeaux testified he told Payne he needed a “twenty.” Upon giving Payne money, she left. Soon afterwards Tyler walked up to Mayeaux’ car and asked him what he needed. Mayeaux said he needed a “twenty.” May-eaux stated Tyler asked him where the money was and Mayeaux replied that he had already given the money to Payne. Mayeaux was told to drive around the block. As he was driving away, he saw Payne give Tyler the money. |2Mayeaux drove around the block and came back. Tyler then approached Mayeaux’ car and handed him what later tested positive as crack cocaine. This transaction was recorded on the police ear’s video equipment.
Dale Roussel, another undercover officer, testified she is in charge of setting up undercover operations. In setting up operations it is normal procedure to have a confidential informant ride in the undercover vehicle. *1047 Roussel has used Payne on prior occasions as a confidential informant.
Tyler assigns the following errors:
1. Whether or not it is prosecutorial misconduct for the District Attorney to inform the defense that a co-defendant will turn state’s evidence and testify against the defendant, when in fact, the co-defendant is a confidential informant.
2. Whether or not the Trial Judge committed reversible error when he refused to grant a mistrial based upon the misconduct of the prosecution.
3. Whether or not there are any errors patent on the face of the record.
The defendant argues that the prosecutor committed prosecutorial misconduct by not informing him that the co-defendant, Payne, was in fact a confidential informant. The defendant argues that knowledge of a confidential informant would have enabled the defense to prepare an entrapment argument and that failure of the state to inform him of Payne’s identity as a confidential informant was a violation of his constitutional rights, warranting a mistrial and a reversal of his conviction.
In Fryar v. Guste, 371 So.2d 742, 746 (La.1979), the Supreme Court defined a confidential informant as follows:
one who has or claims to have knowledge of a particular criminal matter or event and is only willing to give such information to representatives of a law enforcement agency provided his identity is kept secret or in confidence [emphasis added].
Roussel testified that Payne had been a confidential informant for other cases. She stated that confidential informants typically ride with the officer in the undercover vehicle. In the instant case Payne did not ride with the officer in the undercover vehicle. Further, Payne gave no information to May-eaux. Instead, she took an active role in the transaction and did not keep her identity confidential. To the contrary, she was charged as a co-defendant in the Roffense. Although Payne had served the sheriff’s office as a confidential informant in other activities, there is no indication that she was a confidential informant in this case.
Finally, our review of the record reveals no errors patent.
Accordingly, for the reasons stated, the conviction and sentence are affirmed.
AFFIRMED.